## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRUSSELL GEORGE,** | * | **CIVIL ACTION 3:14-cv-00338** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE JOHN W. DEGRAVELLES** |
| **LOUISIANA DEPARTMENT OF** | * | |
| **PUBLIC SAFETY AND** | * | |
| **CORRECTIONS, ET AL** | * | **MAGISTRATE STEPHEN C. RIEDLINGER** |
| *Defendants* | * | |

**************************************************************************

## ANSWER TO FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendants, Louisiana Department of Public Safety and Corrections; Secretary James M. Leblanc; Assistant Secretary, Whalen Gibbs; Director Gerald Starks; and Agent Scott Tubbs (collectively referred to as "Defendants"), who answer the First Amended Complaint filed by Plaintiff as follows:

## AFFIRMATIVE DEFENSES

Defendants reassert and re-allege herein all affirmative defenses  previously set forth in their Answer to Complaint, expressly reserving the right to plead these and other Affirmative Defenses as further investigation and discovery may warrant.

## ANSWER

## I. INTRODUCTION

1.

The allegations set forth in Paragraph 1 of Plaintiff's First Amended Complaint are admitted insofar as they set forth the status of Plaintiff, Trussell George, as a person with mental illness who has been found Not Guilty by Reason of Insanity (NGRI) to a criminal offense. The remainder of the allegations set forth in Paragraph 1 of Plaintiff's Complaint are denied.

## II. JURISDICTION

2.

The allegations set forth in Paragraph 2 of Plaintiff's First Amended Complaint are denied.

3.

The allegations set forth in Paragraph 3 of Plaintiff's First Amended Complaint are admitted.

## III. PARTIES

4.

The allegations set forth in Paragraph 4 of Plaintiff's First Amended Complaint are denied for lack of information to justify a belief therein.

5.

The allegations set forth in Paragraph 5 of Plaintiff's First Amended Complaint insofar as they set forth the status of the Louisiana Department of Public Safety and Corrections as a state agency within which is contained a Division of Probation and Parole which supervises Mr. George's conditional release are admitted. The remainder of the allegations do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (42 U.S.C. § 12131(1)(B)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

6.

The allegations set forth in Paragraph 6 of Plaintiff's First Amended Complaint insofar as they set forth the job title of Secretary Leblanc are admitted. The allegations involving

2

Mr. Leblanc's job duties do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statutes (La. R.S. 36:403 and La.R.S 36:401(B)(3)) are the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations set forth in Paragraph 6 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations set forth in Paragraph 7 of Plaintiff's First Amended Complaint insofar as they set forth the job title of Assistant Secretary Gibbs are admitted. The allegations asserting that the Assistant Secretary directs the operations of the Division of Probation and Parole are also admitted. The allegations involving the operations of the Division of Probation and Parole do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statutes (La. R.S. 15:574.11(A) and La. Code Crim. P. 658(B)(1)) are the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations set forth in Paragraph 7 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations set forth in Paragraph 8 of Plaintiff's First Amended Complaint insofar as they set forth the job title of Director Starks are admitted. The remainder of the allegations set forth in Paragraph 8 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

9.

The allegations set forth in the first sentence of Paragraph 9 of Plaintiff's First Amended Complaint are admitted. The remainder of the allegations set forth in Paragraph 9 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

10.

The allegations set forth in Paragraph 10 of Plaintiff's First Amended Complaint do not require a response on behalf of these Defendants, however, to the extent that a response is deemed necessary, the allegations contained therein are denied for lack of sufficient information to justify a belief therein.

11.

The allegations set forth in Paragraph 11 of Plaintiff's First Amended Complaint do not require a response on behalf of these Defendants, however, to the extent that a response is deemed necessary, the allegations contained therein are denied for lack of sufficient information to justify a belief therein.

12.

The allegations set forth in Paragraph 12 of Plaintiff's First Amended Complaint do not require a response on behalf of these Defendants, however, to the extent that a response is deemed necessary, the allegations contained therein are denied for lack of sufficient information to justify a belief therein.

13.

The allegations set forth in Paragraph 13 of Plaintiff's First Amended Complaint do not require a response on behalf of these Defendants, however, to the extent that a response is deemed necessary, the allegations contained therein are denied for lack of sufficient information to justify a belief therein.

**IV. STATUTORY SCHEME**

14.

The allegations set forth in Paragraph 14 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. R.S. 14:14) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

15.

The allegations set forth in Paragraph 15 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. R.S. 28:2(20)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

16.

The allegations set forth in Paragraph 16 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statutes (La. Code Crim. P. arts. 644, 650-652) are the best evidence thereof, however, to

the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

### 17.

The allegations set forth in Paragraph 17 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 651) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

### 18.

The allegations set forth in Paragraph 18 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 654) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

### 19.

The allegations set forth in Paragraph 19 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law itself is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

### 20.

The allegations set forth in Paragraph 20 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 657.1) is the best evidence thereof, however, to the extent

that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

21.

The allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 654) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

22.

The allegations set forth in Paragraph 22 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law itself is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

23.

The allegations set forth in Paragraph 23 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law itself is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

24.

The allegations set forth in Paragraph 24 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 657) is the best evidence thereof, however, to the extent that

a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

25.

The allegations set forth in Paragraph 25 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 657.1(B)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

26.

The allegations set forth in Paragraph 26 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations set forth in Paragraph 27 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 657.2) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

28.

The allegations set forth in Paragraph 28 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information to justify a belief therein.

29.

The allegations set forth in Paragraph 29 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the

8

noted statute (La. Code Crim. P. art. 658(B)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

30.

The allegations set forth in Paragraph 30 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 658(B)(1)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

31.

The allegations set forth in Paragraph 31 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 658(B)(5)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

32.

The allegations set forth in Paragraph 32 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 658(B)(6)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

33.

The allegations set forth in Paragraph 33 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 658(B)(6)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

34.

The allegations set forth in Paragraph 34 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 658(C)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

35.

The allegations set forth in Paragraph 35 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 658(B)(4)) is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

36.

The allegations set forth in Paragraph 36 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statute (La. Code Crim. P. art. 654) is the best evidence thereof, however, to the extent that

a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

37.

The allegations set forth in Paragraph 37 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

38.

The allegations set forth in Paragraph 38 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

39.

The allegations set forth in Paragraph 36 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the noted statutes (La. Code Crim. P. arts. 658(D) and 654) are the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

## V. STATEMENT OF FACTS

40.

The allegations set forth in Paragraph 40 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

41.

The allegations set forth in Paragraph 41 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

42.

The allegations set forth in Paragraph 42 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

43.

The allegations set forth in Paragraph 43 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

44.

The allegations set forth in Paragraph 44 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

45.

The allegations set forth in Paragraph 45 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

46.

The allegations set forth in Paragraph 46 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

47.

The allegations set forth in Paragraph 47 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

48.

The allegations set forth in Paragraph 48 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

49.

The allegations set forth in Paragraph 49 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

50.

The allegations set forth in Paragraph 50 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

51.

The allegations set forth in Paragraph 51 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

52.

The allegations set forth in Paragraph 52 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

53.

The allegations set forth in Paragraph 53 of Plaintiff's First Amended Complaint are denied.

54.

The allegations set forth in Paragraph 54 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

55.

The allegations set forth in Paragraph 55 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

56.

The allegations set forth in Paragraph 56 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

57.

The allegations set forth in Paragraph 57 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

58.

The allegations set forth in Paragraph 58 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

59.

The allegations set forth in Paragraph 59 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

60.

The allegations set forth in Paragraph 60 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

61.

The allegations set forth in Paragraph 61 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

62.

The allegations set forth in Paragraph 62 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

63.

The allegations set forth in Paragraph 63 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein..

64.

The allegations set forth in Paragraph 64 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

65.

The allegations set forth in Paragraph 65 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

66.

The allegations set forth in Paragraph 66 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

67.

The allegations set forth in Paragraph 67 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

68.

The allegations set forth in Paragraph 68 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

69.

The allegations set forth in Paragraph 69 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

70.

The allegations set forth in Paragraph 70 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

71.

The allegations set forth in Paragraph 71 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

72.

The allegations set forth in Paragraph 72 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

73.

The allegations set forth in Paragraph 73 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

74.

The allegations set forth in Paragraph 74 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

75.

The allegations set forth in Paragraph 75 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

76.

The allegations set forth in Paragraph 76 of Plaintiff's First Amended Complaint are admitted.

77.

The allegations set forth in Paragraph 77 of Plaintiff's First Amended Complaint are denied.

78.

The allegations set forth in Paragraph 78 of Plaintiff's First Amended Complaint are denied.

79.

The allegations set forth in Paragraph 79 of Plaintiff's First Amended Complaint are denied.

80.

The allegations set forth in Paragraph 80 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

81.

The allegations set forth in Paragraph 81 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

82.

The allegations set forth in Paragraph 82 of Plaintiff's First Amended Complaint are denied.

83.

The allegations set forth in Paragraph 84 of Plaintiff's First Amended Complaint are denied.

84.

The allegations set forth in Paragraph 84 of Plaintiff's First Amended Complaint are denied.

85.

The allegations set forth in Paragraph 85 of Plaintiff's First Amended Complaint are denied.

86.

The allegations set forth in Paragraph 86 of Plaintiff's First Amended Complaint are denied.

## VI. CAUSES OF ACTION

## A. VIOLATION OF SUBSTANTIVE DUE PROCESS

87.

The allegations set forth in Paragraph 87 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

88.

The allegations set forth in Paragraph 88 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law

is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

89.

The allegations set forth in Paragraph 89 of Plaintiff's First Amended Complaint are denied as written for lack of sufficient information at this time to justify a belief therein.

90.

The allegations set forth in Paragraph 90 of Plaintiff's First Amended Complaint are denied.

91.

The allegations set forth in Paragraph 91 of Plaintiff's First Amended Complaint are denied.

92.

The allegations set forth in Paragraph 92 of Plaintiff's First Amended Complaint are denied.

93.

The allegations set forth in Paragraph 93 of Plaintiff's First Amended Complaint are denied.

## B. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

94.

The allegations set forth in Paragraph 94 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

95.

The allegations set forth in Paragraph 95 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

96.

The allegations set forth in Paragraph 96 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

97.

The allegations set forth in Paragraph 97 of Plaintiff's First Amended Complaint are denied.

98.

The allegations set forth in Paragraph 98 of Plaintiff's First Amended Complaint are denied.

## C. VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

99.

The allegations set forth in Paragraph 99 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

100.

The allegations set forth in Paragraph 100 of Plaintiff's First Amended Complaint are denied.

101.

The allegations set forth in Paragraph 101 of Plaintiff's First Amended Complaint do not require a response on behalf of Defendants as they are a characterization of law, of which the law is the best evidence thereof, however, to the extent that a response is deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

102.

The allegations set forth in Paragraph 102 of Plaintiff's First Amended Complaint are denied.

103.

The allegations set forth in Paragraph 103 of Plaintiff's First Amended Complaint are denied.

104.

The allegations set forth in Paragraph 104 of Plaintiff's First Amended Complaint are denied.

**VII. PRAYERS FOR RELIEF**

105.

The allegations set forth in Plaintiff's Prayers for Relief, including Paragraphs A-F are denied.

106.

The allegations set forth in any unnumbered paragraphs contained in Plaintiff's First Amended Complaint are denied.

WHEREFORE, premises considered, Defendants, Louisiana Department of Public Safety and Corrections; Secretary James M. Leblanc; Assistant Secretary, Whalen Gibbs; Director Gerald Starks; and Agent Scott Tubbs pray that their Answer to Plaintiff's First Amended Complaint be deemed good and sufficient and that the demands of Plaintiff be dismissed at Plaintiff's cost.

PRAY FURTHER for all other equitable relief as required by law, including but not limited to attorney's fees.

Respectfully Submitted:

**SHOWS, CALI & WALSH, LLP**

/S/ Beth P. Everett
E. Wade Shows, La. Bar Roll No. 7637
James L. Hilburn, La. Bar Roll No. 20221
Jeffrey K. Cody, La. Bar Roll No. 28536
Beth P. Everett, La. Bar Roll No. 33818
SHOWS, CALI & WALSH, LLP
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **20**th day of **October, 2014,** a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice will be sent to counsel for Plaintiff, TRUSSELL GEORGE, and on all other counsel of record by operation of the court's electronic filing system.

/s/ Beth P. Everett
BETH P. EVERETT

22