UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**TRUSSELL GEORGE**

**VERSUS**

**LOUISIANA DEPARTMENT
OF PUBLIC SAFETY AND
CORRECTIONS, et al.**

**CIVIL ACTION**

**NO. 14-338-JWD-SCR**

## RULING AND ORDER

This matter is before the Court on the Motion to Dismiss (Doc. 34) filed by Defendant, Charles Vosburg, Ph.D. ("Dr. Vosburg" or "Defendant"), seeking to dismiss all claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Trussell George, opposes the motion (Doc. 36), and Defendant has filed a reply (Doc. 40). After careful review of the submissions of the parties, the Second Amended Complaint, and the relevant law, the Court denies the Defendant's motion.

### I. Relevant Factual Allegations and Background

Plaintiff, a current inpatient at the Eastern Louisiana Mental Health System ("ELMHS"), filed a complaint under 42 U.S.C. § 1983 alleging violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Title II of the Americans with Disabilities Act of 1990 ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504") on May 28, 2014. (Doc. 1). Plaintiff filed a First Amended Complaint on September 24, 2014. (Doc. 24). Plaintiff's Second Amended Complaint was filed on December 23, 2014. (Doc. 42). For purposes of this motion, the allegations in Plaintiff's Second Amended Complaint will be taken as true.

Plaintiff has a history of mental illness, which includes diagnoses of Schizophrenia, Bipolar Disorder, and Psychosis NOS. (Doc. 42, ¶4). In December of 2008, Plaintiff was

adjudged Not Guilty by Reason of Insanity ("NGRI") relative to a criminal offense (specifically, being a felon in possession of a firearm). (Id. at ¶46). By state court order and pursuant to state law, Plaintiff was conditionally released for a term of five years.[1] (Id.). The court order established numerous conditions on his release including requiring Plaintiff to reside in a group home and receive adequate outpatient treatment and medications. (Id. at ¶47).

During his conditional release, Plaintiff resided in a group home under the supervision of the Division of Probation and Parole of the Louisiana Department of Public Safety and Corrections and the Community Forensic Services of the Louisiana Department of Health and Hospitals. (Id. at ¶4). On two separate occasions during his conditional release, Plaintiff was arrested and placed in the East Baton Rouge Parish Prison.[2] (Id. at ¶¶55, 67). The basis for the arrests was "violating the terms of his conditional discharge." (Id.). Plaintiff asserts that no criminal charges were filed against him pertaining to either incarceration. (Id. at ¶¶58, 72).

Plaintiff alleges that "[o]nly persons with mental illness in Louisiana are intentionally subjected to punishment by incarceration in correctional facilities in the absence of pending criminal charges or a conviction of a criminal offense." (Id. at ¶80). This treatment of "persons found NGRI on the basis of their mental illness" allegedly subjects them to punishment in violation of the Due Process Clause and constitutes alleged intentional discrimination in violation of Section 504 of the Rehabilitation Act and Title II of the ADA. (Id. at ¶¶83, 91, 97, 106).

In his Second Amended Complaint, Plaintiff names, among others, Charles P. Vosburg, Ph.D., as a defendant. (Id. at ¶13). Dr. Vosburg is a consulting psychologist for the Community Forensic Services ("CFS") of the Louisiana Department of Health and Hospitals. (Id.). Plaintiff

---

[1] This term was later extended by one year which was to end on December 14, 2014. (Doc. 42, ¶61).
[2] The first instance occurred from July 29, 2013, through August 23, 2013. The second ran from July 1, 2014, through August 25, 2014.

asserts that Dr. Vosburg was a "key decision-maker in the arrest and incarceration of Plaintiff in 2014." (Id.).

Plaintiff alleges that the defendants, including Dr. Vosburg, "intentionally discriminate against persons found NGRI on the basis of their mental illness." (Id. at ¶83). Plaintiff further alleges that the defendants, including Dr. Vosburg, "knowingly and intentionally violated Plaintiffs' [sic] constitutional and federal statutory rights."(Id. at ¶84).

In his Motion to Dismiss, Defendant Vosburg asserts that he is a "state health care provider" and that all of Plaintiff's claims against him fall within the confines of the Louisiana Medical Malpractice Act ("LMMA"), La. Rev. Stat. 40:1299.41, *et seq*. (Doc. 34-1, p. 1). Claims falling under the LMMA must first be presented to a medical review panel. (Id.). Defendant, therefore, contends that because Plaintiff's claims against him have not been submitted to a medical review panel, they must be dismissed as premature. (Id.).

## II. Discussion

### A. Relevant Standard

When considering a Rule 12(b)(6) Motion to Dismiss, the court must evaluate whether the complaint meets the legal standard for pleading found in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). The federal pleading rules do not require dismissal of a complaint containing an "imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Mississippi*, 574 U.S. ——, 135 S.Ct. 346, 346 (2014).

Interpreting Rule 8(a) and *Bell Atlantic Corp. v. Twombly,* the Fifth Circuit explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability*

3

*requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007) (emphasis added)).

Analyzing this standard, our brother in the Western District stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S.Ct. at 1949, *Twombly,* 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257, *Twombly,* 555 U.S. at 556, 127 S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.,* No. 10–177, 2011 WL 938785, at *3 (W.D.La. Feb.9, 2011) (citation omitted).

In *Thompson v. City of Waco, Texas,* 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit recently summarized the Rule 12(b)(6) standard as thus:

We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (internal citations and quotations omitted).

**B. Analysis**

Defendant contends that Plaintiff's complaint sets forth negligence claims against him because Plaintiff alleges that Defendant "knew or should have known" of Plaintiff's disabilities and need for mental health treatment. (Doc. 34-1, p. 5; see also Doc. 40, p. 1). Plaintiff asserts that he is "not claiming negligence," but rather is alleging that Defendant "intentionally deprived him of his constitutional and federal statutory rights." (Doc. 36, p. 3).

In Louisiana, two separate statutory schemes govern medical malpractice. *Spradlin v. Acadia-St. Landry Med. Found.*, 758 So. 2d 116, 120 n.5 (La. 2000). The first is the Medical Liability for State Services Act ("MLSSA"), La. Rev. Stat. 40:1299.39, *et seq.*, which governs medical malpractice actions against state health care providers. The second, the Louisiana Medical Malpractice Act ("LMMA"), La. Rev. Stat. 40:1299.41, *et seq.*, governs actions against non-state health care providers. Both statutory schemes require the plaintiff to submit his or her medical malpractice claim to a medical review panel prior to instituting an action in state or federal court. La. Rev. Stat. 40:1299.39.1; La. Rev. Stat. 40.1299.47. The definition of "malpractice" under both the MLSSA and the LMMA encompasses only those claims which sound in negligence; intentional torts are not considered "malpractice" under either scheme.[3]

The Court recognizes that if Plaintiff had indeed asserted a state law claim of medical malpractice, then, pursuant to Louisiana state law, that claim would be premature. However, Plaintiff's claims against Defendant are based on alleged violations of his Constitutional and federal statutory rights. (Doc. 42, p. 18-23). Indeed, the Plaintiff's Complaint does not assert a single state law claim. (Doc. 42).

---

[3] The MLSSA defines "malpractice" as "the failure to exercise the reasonable standard of care…in the provision of health care." La. Rev. Stat. Ann. 40:1299.39A(4) (West 2015). The LMMA defines "malpractice" as "any unintentional tort…based on health care or professional services rendered…by a health care provider." La. Rev. Stat. 40:1299.41A(13) (West 2015).

This Court has recently explained that the Louisiana Medical Malpractice Act is inapplicable to a claim for the violation of constitutional civil rights because such a claim "involves *intentional* wrongdoing on the part of a state official." *Bailey v. E.B.R. Parish Prison*, 2015 WL 545706, at *3 (M.D.La. Feb. 9, 2015) (emphasis added). Other Louisiana district courts have also so held. See *Thomas v. James*, 809 F.Supp. 448 (W.D.La. 1993) (plaintiff was not required to submit his claim for intentional mistreatment to a medical review panel); *Adams v. Foti*, 2004 WL 241859, at *4 (E.D.La. 2004) (plaintiff's claim of an intentional violation of his civil rights was not required to be presented to a Louisiana medical review panel). Inasmuch as Plaintiff's Title II and Section 504 claims allege *intentional* discrimination on the part of the Defendants, the Court finds that the LMMA and MLSSA are inapplicable to them as well. Accordingly, Defendant's Motion to Dismiss is denied.

Plaintiff has not asserted any claims sounding in negligence against Defendant. Indeed, Plaintiff has specifically stated that he "is not claiming negligence." (Doc. 36, p. 3). However, if Plaintiff were to urge a claim based in negligence against Defendant Vosburg in the future, said claim would clearly fall under the ambit of Louisiana's medical malpractice statutes. And, as such, Plaintiff would be required to follow the procedures found in the MLSSA as to that claim.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Doc. 34) filed by Defendant Charles P. Vosburg, Ph.D., is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>April 29, 2015</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**