UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRUSSELL GEORGE                                    CIVIL ACTION

                                                  NO. 3:14-00338-JWD-EWD

VERSUS

LOUISIANA DEPARTMENT OF

PUBLIC SAFETY AND

CORRECTIONS, ET AL

## ORDER ON MOTION IN LIMINE

**I.      INTRODUCTION**

Before the Court is the the Defendants' Motion in Limine to Exclude Plaintiff's Expert

Witness Delany M. Smith, M.D ("Motion"), (Doc. 107), filed by Defendants, and opposed by

Mr. Trussell George ("George" or "Plaintiff"), (Doc. 116). In the Motion and the Opposition

("collectively, "Motions"), Defendants and Plaintiff (collectively, "Parties") contest a single

issue: whether Plaintiff's expert should be permitted to testify pursuant to Federal Rules of

Evidence 403 and 703.[1] Having considered the Parties' arguments, for the reasons more fully

explained below, this Court denies the Motion.

**II.     DISCUSSION**

**A.      STANDARD**

Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill,

experience, or education may testify in the form of an opinion or otherwise" if its preconditions

---

[1] In this order, any and all references to "Rule" or "Rules" are to the Federal Rules of Evidence
unless otherwise noted.

are met. FED. R. EVID. 702. Rule 702, however, does not render all expert testimony admissible. *United States v Scavo*, 593 F.2d 837, 844 (8th Cir. 1979). Rather, beyond being subject to the Rule's helpfulness requirement, expert testimony can still be excluded per Rule 403. FED. R. EVID. 403; *United States v Green*, 548 F.2d 1261, 1270 (6th Cir. 1977). Entirely discretionary, Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

This is a *Daubert* challenge based on the expert's alleged failure to use an accepted methodology and her opinion's alleged lack of an adequate factual foundation, (Doc. 107-1 at 2). *Daubert v. Merrell Dow Pharmaceuticals, Inc*. 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). When *Daubert* is invoked, a district court may, but is not required, to hold a hearing at which the proffered opinion may be challenged. *Carlson v. Bioremedi Therapeutic Sys., Inc*., No. 14-20691, 2016 WL 2865256, at *7, 2016 U.S. App. LEXIS 8951, at *11 (5th Cir., May 16, 2016). However, when no hearing is held, "a district court must still perform its gatekeeping function by performing some type of *Daubert* inquiry." *Id.* "At a minimum, a district court must create a record of its *Daubert* inquiry and 'articulate its basis for admitting expert testimony.'" *Id.* (quoting *Rodriquez v. Riddell Sports, Inc.,* 242 F.3d 567, 581 (5th Cir. 2001)).

The role of the trial court is to serve as the gatekeeper for expert testimony by making the determination of whether the expert opinion is reliable. As the Fifth Circuit has held:

> [W]hen expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case. . . . *Daubert* went on to make "general observations" intended to guide a district court's evaluation of scientific evidence. The nonexclusive list includes "whether [a theory or technique] can be (and has been) tested," whether it "has been subjected to peer review and publication," the "known or potential rate of error," and the "existence and maintenance of standards controlling the technique's operation," as well as "general acceptance." . . . The Court summarized:

2

> The inquiry envisioned by Rule 702 is, we emphasize, a flexible one. Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability-of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.

*Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997) (internal citations omitted).

The cases following *Daubert* have expanded the factors and explained the listing is neither all-encompassing nor is every factor required in every case. *See, e.g.*, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997); *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Indeed, courts may look to other factors. *Joiner*, 522 U.S. at 146.

This Court has explained:

> The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, . . . which provide that the court serves as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. . . . Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based.

*Fayard v. Tire Kingdom, Inc.*, No. 09-171, 2010 WL 3999011, at *1, 2010 U.S. Dist. LEXIS 108845, at *2-3 (M.D. La. Oct. 12, 2010) (internal citation omitted) (citing to *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)).

This Court has broad discretion in deciding whether to admit expert opinion testimony. *See, e.g.*, *Joiner*, 522 U.S. at 138-39 (holding that appellate courts review a trial court's decision to admit or exclude expert testimony under *Daubert* under the abuse of discretion standard); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997) (holding "[d]istrict courts enjoy wide latitude in determining the admissibility of expert testimony"); *Hidden Oaks Ltd. v. City of Austin*,

138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence.").

"Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments). Further, as explained in *Scordill v. Louisville Ladder Grp., L.L.C.*, No. 02-2565, 2003 WL 22427981, 2003 U.S. Dist. LEXIS 19052 (E.D. La. Oct. 24, 2003) (Vance, J.):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. . . . As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." . . . The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to " 'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'"

*Id.* at *3 (internal citations omitted) (relying on, among others, *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 97 L. Ed. 2d 37 (1987), and *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987))).

The Supreme Court has recognized that not all expert opinion testimony can be measured by the same exact standard. Rather, the *Daubert* analysis is a "flexible" one, and "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise and the subject of his testimony." *Kumho*, 526 U.S. at 150, *cited with approval in, e.g.*, *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).

In that vein, the Fifth Circuit has concluded that "soft sciences," like psychology, involve "necessarily diminished methodological precision" when compared to other scientific disciplines

like mathematics and engineering. *United States v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006)

(citing and quoting *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287 (8th Cir. 1997)).

> In such instances, other indicia of reliability are considered under *Daubert*, including professional experience, education, training, and observations. *See e.g.*, Because there are areas of expertise, such as the "social sciences in which the research theories and opinions cannot have the exactness of hard science methodologies", . . . trial judges are given broad discretion to determine "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case."

*Id.* (internal citations omitted) (relying on *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir.

2002); *Jenson*, 130 F.3d at 1297; and *Kumho Tire Co.*, 526 U.S. at 153).

**B.   APPLICATION**

Dr. Smith is Board Certified in general and forensic psychiatry. (Doc. 116-1 at 1.)

Defendants do not challenge Dr. Smith's credentials. Rather, they attack the reliability of her

conclusions based on first, a charge that she "ignored" the plaintiff's medical records and,

second, that she did no testing. Defendants' contention that this witness "ignored" the Plaintiff's

medical records is belied by Dr. Smith's report, (Doc. 116-1), and her deposition, (Doc 116-2).

The Court agrees with Plaintiff that this charge is "plainly and factually incorrect," (Doc. 116 at

2), to put it more mildly then perhaps it should be.

Defendants' second charge is that Dr. Smith did no testing. But, as Dr. Smith explained:

"there is no test that you can perform to determine whether or not an incarceration in 2013 and

another one in 2014, as in this case, caused any irreparable-significant irreparable damage to Mr.

George's mental health." (Doc. 116-2 at 16-17.) As explained above, this does not automatically

disqualify the opinion. "In such instances, other indicia of reliability are considered under

*Daubert*, including professional experience, education, training and observations." *Simmons*, 470

F.3d at 1123 (citations omitted). Such is the case here.

5

When one looks carefully at Defendants' allegations, it is clear that they simply disagree with the conclusions of this expert, not on *Daubert*-worthy grounds but rather, for reasons that are most appropriately tested by the traditional means of cross examination and ultimately left to the sound judgment of the jury. As the *Daubert* court itself noted, "[v]igorous cross-examination, presentation of contrary evidence and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## III.  CONCLUSION

For the foregoing reasons and subject to the exceptions stated therein, this Court DENIES the Defendants' Motion in Limine to Exclude Plaintiff's Expert Witness Delany M. Smith, M.D. (Doc. 107).

Signed in Baton Rouge, Louisiana, on June 20, 2016.

JUDGE JOHN W. deGRAVELLES
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**